UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE DILWORTH, et al.,

    Plaintiffs, and

UNITED STATES OF AMERICA

    Plaintiff-Intervenor,

v.        Case No. 04-CV-73152

CITY OF DETROIT,

    Defendant.
                                      /

**ORDER
(1) DIRECTING THE UNITED STATES OF AMERICA TO FILE, BY MARCH 31, 2010,
A SUMMARY OF THE AUDITOR'S REPORTS,
(2) DIRECTING THE CITY OF DETROIT TO FILE, BY MARCH 31, 2010, A
SUMMARY OF ITS PLAN TO OBTAIN FULL COMPLIANCE WITH THE
SETTLEMENT ORDER,
(3) SETTING STATUS CONFERENCE FOR APRIL 14, 2010, AT 3:30 P.M., AND
(4) EXTENDING THE SETTLEMENT ORDER UNTIL APRIL 30, 2010**

Plaintiffs initiated and Intervenor-Plaintiffs joined this action alleging that Defendant City of Detroit had failed to maintain adequately the wheelchair lifts on its buses, and for that reason and others effectively denied persons with disabilities the benefits of its bus system in violation of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of Rehabilitation Act of 1973. On November 3, 2005, the court entered a stipulated Settlement Order, which by its terms was to remain in effect until December 31, 2008. In mid-2008, the parties stipulated that "due to unforeseeable delays, it was in the interests of justice" to extend the effective date of the Settlement Order. The court issued a stipulated order extending the Settlement Order until February 28, 2010.

The parties on February 24, 2010, submitted for the court's consideration a second stipulated extension of the Settlement Order. The present proposed order would extend the Settlement Order until February 28, 2011, and states that the parties agree that the extension is in the "interest of justice." The stipulation further states that the "United States finds that the City of Detroit is not in substantial compliance with the Settlement Order and that an additional year is needed to achieve compliance by the City of Detroit."

The City agreed to the provisions encompassed in the Settlement Order and is required to abide by them, but the court will not endlessly extend the Settlement Order and its obligation to provide oversight. To this end, the court determines that, before granting further extensions, it is prudent to assess the City of Detroit's compliance to date.

Pursuant to the Settlement Order and the parties' recommendation, the court appointed David R. Rishel as an independent auditor whose purpose "is to assist the parties in evaluating [the Detroit Department of Transportation]'s compliance with the Order." (11/3/05 Order ¶ O.1.a.) One of the duties of the auditor was to prepare reports assessing DDOT's compliance with the Settlement Order. (*Id.* ¶ O.3.b.) The court has to this date been presented with no such reports, but assumes that the parties have received, reviewed and retained such materials. The court further presumes for the purpose of this Order that Intervenor-Plaintiff United States of America is in a better position than the other parties to be able to assist the court in its intended evaluation.

In order to assess the City's compliance and the Auditor's efforts, the court directs Intervenor-Plaintiff United States to file, by **March 31, 2010**, a report-by-report

summary[1] of each report generated by Auditor David R. Rishel pursuant to paragraph O.3.b of the Settlement Order, the Auditor's compensation to date, as well as all public reports generated by Rishel in 2009.

The court also directs the City to file, by **March 31, 2010**, a statement of its plan to obtain full compliance with the Settlement Order within a reasonably prompt period of time.

The court will conduct a status conference on **April 14, 2010, at 3:30 p.m.**, to discuss whatever need may exist at that time for a further extension of the Settlement Order. In the meantime, the court will extend the Settlement Order until **April 30, 2010**. Accordingly,

IT IS ORDERED that the United States is DIRECTED to file, by **March 31, 2010**, a report-by-report summary of Auditor David R. Rishel's reports generated pursuant to paragraph O.3.b of the Settlement Order, the Auditor's compensation to date, and the Auditor's public reports generated in 2009,

IT IS ORDERED that Defendant City of Detroit is DIRECTED to file, by **March 31, 2010**, a summary statement of its plan to obtain full compliance with the Settlement Order within a reasonably prompt period of time.

---

[1] Such a "summary" should constitute less than the whole of the body of the report, and be designed to capsulize in executive-summary style the important observations and details contained within each report. The court expects to learn among other things the date the report was created, the period of time it covers, the activities of the parties (chiefly the City) during that time, the goals for compliance that were set and whether each was met or not, and if not why not. The court expects to learn further the compensation structure of the Auditor, the numbers of hours expended and how such hours are recorded, and the activities in which he engaged.

IT IS FURTHER ORDERED that a status conference will be held on **April 14, 2010, at 3:30 p.m.** Counsel for all parties and Auditor David R. Rishel are directed to attend.

IT IS FURTHER ORDERED that the Settlement Order [Dkt. # 43] is EXTENDED until **April 30, 2010**.

                                               s/Robert H. Cleland
                                               ROBERT H. CLELAND
                                               UNITED STATES DISTRICT JUDGE

Dated: March 12, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 12, 2010, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522